■ LOMART MANUFACTURING CORP., Respondent, v. COMSPACE CORP., Appellant.— In an action to recover a sum of money allegedly due and owing under a commercial agreement, defendant appeals from a judgment of the Supreme Court, Kings County, entered June 13, 1973, which (1) declared that the sum of $29,333.31 paid by the Federal Government to the defendant contractor on account of extra work done for the Federal Government, performed exclusively by plaintiff subcontractor, constituted trust funds in the hands of defendant; and (2) awarded plaintiff 71% of all sums realized and received which comprised such trust funds, with interest, totaling $20,011.97, plus costs and disbursements. Judgment reversed, on the law, with costs; complaint dismissed; defendant is awarded recovery against plaintiff in the amount of $802.26; the case is remanded to the trial court for a determination of the amount of money expended by defendant for legal services in connection with the situation herein, as contemplated by the parties in their 1966 agreement; and, upon such finding, defendant shall be awarded an additional recovery against plaintiff of 71% of the amount so determined. Defendant's predecessor in interest obtained a contract from the United States Government and subcontracted the work to plaintiff in 1962. Upon completion of the contract the Government withheld $146,000, claiming delays in delivery, which sum was in turn withheld from plaintiff by defendant. The Government, through defendant's efforts, agreed to pay $135,117 and turned that sum over to defendant. Plaintiff, not having received the money from defendant, brought action to recover it. On April 15, 1966 a written agreement was entered into wherein plaintiff discontinued that action and accepted $115,000 from defendant. The balance was kept by defendant. The agreement further provided that defendant would prosecute a claim against the Government for extra work and materials furnished by plaintiff, amounting to $197,000, that all sums of money realized or received would be divided, 71% to plaintiff and 29% to defendant, and that all expenses, including counsel fees, should be borne by them in the same proportion. One attorney was engaged by both parties. Defendant commenced suit against the Government, as agreed. The Government asserted a counterclaim because of delays in delivery. A settlement was reached and consented to by plaintiff and defendant, the Government was allowed $74,582.44 on its

counterclaim, and the claim for extra work and materials furnished was allowed in the sum of $103,915.75, leaving a balance of $29,333.31 due from the Government, which was received by defendant. Defendant contends that it is entitled to 29% of the $103,915.75 allowed for extra work and material, that it has no concern with the amount deducted by the Government on its counterclaim, which, as above stated, was allowed in the sum of $74,582.44, that it is entitled to $30,135.57, and that, having received only $29,333.31, it is now entitled to receive from plaintiff an additional $802.26, plus 71% of the legal fees and costs. Plaintiff asserts that defendant is wrongfully withholding $20,826.65, which represents 71% of the money received and realized by defendant as settlement of the claim for extra work and material, that it (plaintiff) is entitled to interest and costs from the date of commencement of this action, that it was the intention of the parties to share in the money realized and received, and that, since defendant received $29,333.31, defendant was entitled to 29% after deducting legal fees and expenses and was required to turn over the balance to plaintiff within 10 days, which was not done. No money has been paid to plaintiff, and defendant is in possession of the $29,333.31. Special Term determined that the parties intended that the apportioned sum should be whatever money was finally paid to defendant in settlement of its claim against the Government. We disagree. The 1966 agreement reiterated an indemnification clause included in the parties' 1962 agreement whereby plaintiff agreed to hold defendant harmless for any loss it might sustain by reason of plaintiff's performance under the original Government contract. It is undisputed that the $74,582.44 allowance to the Government against defendant was in fact occasioned because of plaintiff's lack of proper performance under the original agreement and was thus included within the purview of the indemnification clause. Since plaintiff obligated itself to hold defendant harmless under such circumstances, if the reassertion of the provision is to have any meaning, defendant's share of the money received must be based, not upon the amount actually received, but instead, as defendant has urged, upon the amount awarded for additional work done. Any other result would be contrary to the intent of the parties as expressed in their agreement and would be, in our opinion, unconscionable. Defendant, therefore, is entitled to clear 29% of the awarded sum, or $30,135.57. Since it received only $29,333.31 from the Government, plaintiff is liable to defendant for the difference under the indemnity provision of the parties' agreement. In addition to this amount, defendant is entitled to receive from plaintiff 71% of any sums defendant expended for attorneys' fees under the agreement. Hopkins, Acting P. J., Brennan and Benjamin, JJ., concur; Cohalan and Munder, JJ., dissent and vote to affirm.